United States District Court
Southern District of Texas
**ENTERED**
October 19, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY J. NIXON, | § | |
| TDCJ #423395, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3002 |
| | § | |
| H. SHIVERS, *et al*., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Bobby J. Nixon (TDCJ #423395), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Nixon has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with a prison disciplinary conviction. Because he is incarcerated, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   <u>BACKGROUND</u>

Nixon is currently confined at the Wynne Unit in Huntsville.[1]  Nixon sues the following officers and officials employed by TDCJ at the Wynne Unit facility:  (1) Officer H. Shivers;  (2) Major R. Jenkins;  (3) Counsel Substitute E. Crowley;  (4) Counsel Substitute D. Black; and (5) Disciplinary Hearing Officer Pansy.[2]

Nixon's primary complaint is that Officer Shivers filed "falsified" disciplinary charges against him on May 23, 2016, in Case #20160286175.[3]  Nixon was charged in that case with refusing to begin his work assignment at the mattress factory without a legitimate reason.[4]  At a hearing on May 26, 2016, Nixon was found guilty as charged.[5]  As punishment, Nixon lost recreational, commissary, and phone privileges for 45 days and he also forfeited 30 days of previously earned credit for good conduct (*i.e.*, "good-time" credit).[6]

---

[1]     Complaint [Doc. # 1], at 3.

[2]     *Id.*

[3]     *Id.* at 4.

[4]     TDCJ Disciplinary Report and Hearing Record [Doc. # 1-1], at 19.

[5]     *Id.*

[6]     *Id.*

Nixon insists that the charges against him were false and that the defendants violated his right to due process in connection with his disciplinary proceeding.[7]  He seeks compensatory damages and injunctive relief in the form of a letter to the parole board, supporting his early release.[8]    The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    DISCUSSION

Nixon seeks monetary relief for alleged violations of his civil rights in connection with a prison disciplinary conviction that resulted in the loss of good-time credits.   To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  If a judgment in favor of

---

[7]      Complaint [Doc. # 1], at 10-13.

[8]      *Id.* at 14-16.

the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

It is evident from the complaint that the challenged conviction has not been overturned or otherwise invalidated. Because the allegations in Nixon's civil rights complaint would, if true, necessarily imply the invalidity of the challenged conviction, his claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). To the extent that Nixon seeks injunctive relief apart from his request for monetary damages, his civil rights claims are likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998).

III.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.   Plaintiff Bobby J. Nixon's request for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2.   The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Bobby J. Nixon (TDCJ #423395) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.   The complaint [Doc. # 1] is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793.**

SIGNED at Houston, Texas, on October 19, 2016.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

5